John R. Sechrist, Appellant, *v.* The Codorus and Manheim Mutual Protection Insurance Company of York County.

*Insurance—Affidavit of defense—Breach of conditions.*

An affidavit of defense sufficiently avers a breach of the conditions of the policy, potential to prevent judgment, where it avers a breach of a condition providing that the policy shall be void if the subject, a manufacturing establishment, ceases to be operated for more than ten consecutive days; and another condition providing that if the building or any parts thereof fall except as the result of fire, the policy is void.

Submitted March 11, 1898.   Appeal, No. 45, March T., 1898, by plaintiff, from order of C. P. York Co., Aug. T., 1897, No. 71, refusing judgment for want of a sufficient affidavit of defense.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Assumpsit.   Before BITTENGER, P. J.

It appears from the record that the plaintiff claimed $600 for the total destruction of a country sawmill and cider press insured with the defendant company.

Defendant filed the following affidavit of defense:

That the said defendant has a just and legal defense to the whole of plaintiff's claim, as set forth in his statement filed, as follows:

1. The subject of insurance, as set forth in the plaintiff's statement, was a manufacturing establishment and contents. At the time of the alleged fire said manufacturing establishment had ceased to be operated for more than ten consecutive days. The policy, as recited in said plaintiff's statement, provided that the entire policy shall be void if the property insured, being a manufacturing establishment, shall cease to be operated for more than ten consecutive days.

2. That the subject of insurance, as set forth in the plaintiff's statement, was a sawmill, machinery, cider mill and press attached and lumber and tools and personal property therein; that the said sawmill was in a decayed condition and had partly fallen down as a result thereof, and the said plaintiff had sold a part of the brick of said structure and removed therefrom a part of the rafters of said sawmill which had ceased to be operated for several years prior to the fire. The policy as recited in said plaintiff's statement provides, that, "If a building or any part thereof shall fall except as the result of fire, all insurance by this policy on such building or its contents, shall immediately cease." That the upright saw in said mill had also been removed from the alleged building destroyed by fire, as well as part of the machinery and cider mill and press were not in the building alleged to be insured at the time of the fire.

3. The plaintiff failed to furnish the company defendant with an itemized statement of his loss, as required by the conditions of his policy and the demand made upon him by the company.

All of which the defendant expects and believes it will be able to prove upon the trial of the case.

Motion for judgment for want of a sufficient affidavit of defense was overruled. Plaintiff appealed.

*Error assigned* was overruling motion for judgment for want of a sufficient affidavit of defense, and discharging said rule.

*John F. Kell*, with him *James St. Clair McCall*, for appellant. —A country sawmill and cider press cannot be regarded as a manufacturing establishment. Such machinery is not operated continuously throughout the year.

Even conceding that this was a manufacturing plant not in operation for ten days and upward preceding the fire, the court

may presume that the risk was less than when in operation: Allemania v. White, 11 Atl. Rep. 96.

The strict letter of the policy is not to be followed, but the contract is to be given a reasonable construction under all the circumstances and a provision of absolute forfeiture is often to be disregarded: Arthurholt v. Susquehanna Mut., 159 Pa. 1; Bole v. New Hampshire, 159 Pa. 53.

*H. C. Niles*, of *Niles & Neff*, with him *Geise & Strawbridge*, for appellee.

OPINION BY PORTER, J., April 25, 1898:

The subject of the insurance as set forth in the plaintiff's statement was a sawmill, machinery, cider mill, and press attached, and lumber and tools, and personal property therein. The plaintiff alleges a total loss. The policy sued on provides that " This entire policy unless otherwise provided by agreement indorsed hereon or added hereto shall be void if the subject of insurance be a manufacturing establishment and ceases to be operated for more than ten consecutive days." The affidavit of defense alleges that the subject of the insurance was a manufacturing establishment and contents, and that at the time of the alleged fire, it had ceased to be operated for more than ten consecutive days.

The policy further recites that " If a building or any part thereof shall fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease." The affidavit alleges that the said sawmill was in a decayed condition, and had partly fallen down as a result thereof.

Without discussing the merit of the allegations of the affidavit respecting the failure to furnish a truthful and an itemized statement of loss, we are of the opinion that the two allegations of the affidavit above set forth sufficiently aver a breach of the conditions of the policy, to prevent the entry of the judgment for the want of a sufficient affidavit of defense.

The assignments of error are dismissed, and the order of the court below is affirmed.